```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Cyndi Johnson,                         :

      Plaintiff,                  :

  v.                                  :      Case No.  2:07-cv-1259

Wendy's Management Group Inc.,         :      JUDGE WATSON

      Defendant.                  :

REPORT AND RECOMMENDATION

This matter is before the Court for an initial screening pursuant to 28 U.S.C. §1915.  For the following reasons, the Court recommends that the case be dismissed for failure to state a claim upon which relief can be granted.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).

A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

II.

Ms. Johnson's claims arise out of her employment by defendant Wendy's Management Group Incorporated ("WMGI") at a Wendy's location in Athens, Ohio from January 2004 until April 2005, and the eventual termination of that employment. She alleges that WMGI's employees denied her work hours and terminated her employment after she complained about workplace race and gender discrimination, as well as "inappropriate sexual behaviours [*sic*] and inappropraite [*sic*] sexual comments by and at defendant." (Compl. at pp. 1-2). What Ms. Johnson's complaint fails to mention, however, is that she attempted to litigate the same claims based on the same events against the same defendant in 2005. See Case No. 2:05-CV-1060 (the "2005 Case"). That case was dismissed with prejudice, and that dismissal precludes Ms. Johnson from reasserting the same claims in this case.

The doctrine of claim preclusion bars a party from litigating a claim or defense that was or should have been litigated in a prior case if there was a final judgment on the merits in that case. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); see also Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660-661 (6th Cir. 1990). Claim preclusion is an affirmative defense ordinarily raised in the pleadings. Westwood Chemical Co. v. Kulick, 656 F.2d 1224, 1227 (6th Cir.

1981) (citing Fed. R. Civ. P. 8(c)). Courts generally lack the ability to raise an affirmative defense sua sponte. See Haskell v. Washington Township, 864 F.2d 1266, 1273 (6th Cir. 1988) (noting it is ordinarily an error for a district court to raise an affirmative defense sua sponte).  The Supreme Court, however, has ruled that a court can assert claim preclusion sua sponte in "special circumstances." See Arizona v. California, 530 U.S. 392, 412 (2000); see also United States v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised.") (REHNQUIST, J., dissenting) (internal citations omitted).

For example, in Holloway Constr. Co. v. United States Dep't of Labor, 891 F.2d 1211, 1212 (6th Cir. 1989), the Sixth Circuit Court of Appeals affirmed the district court's sua sponte application of claim preclusion where the district court had decided the original case.  The court also held that "a district court may invoke the doctrine of [claim preclusion] in the interests of, *inter alia,* the promotion of judicial economy."  id. (italics in original).

Here, the Court decided Ms. Johnson's original case (the 2005 Case).  Additionally, the Court and WMGI expended considerable judicial resources in adjudicating the 2005 Case, as evidenced by the 159 court documents filed in the case.  Thus, the Court is able to raise the issue of claim preclusion sua sponte in this case.

The Sixth Circuit has established a four-pronged test to determine if claim preclusion applies to pending litigation: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. Bittinger v. Tecumseh Products Co., 123 F.3d 877, 880 (6th Cir. 1997) (internal citations omitted); and see

3

Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995). Under this test, Ms. Johnson's claims in this case are clearly barred by the judgment rendered in the 2005 Case.

First, there was a final decision on the merits by a court of competent jurisdiction. When Magistrate Judge King granted a motion to dismiss the 2005 Case, she adjudicated the case under Fed. R. Civ. P. 37(b)(2) and Fed. R. Civ. P. 41(b). (2005 Opinion and Order at pp. 8-9.) Fed. R. Civ. P. 41(b) provides, "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits." See also Cemer v. Marathon Oil Co., 583 F.2d 830, 832 (6th Cir. 1978) ("Absent such limiting language, [a] judgment operates as an adjudication on the merits under Rule 41(b) . . . ."). None of the 2005 Case's court documents, such as the "Opinion and Order" or the "Judgment," indicate Magistrate Judge King's dismissal order was not an adjudication on the merits. Thus, there was a final decision on the merits by a court of competent jurisdiction.

Second, there is a subsequent action between the same parties or their privies. Ms. Johnson is the plaintiff in both cases. WMGI is the defendant in both cases. Thus, this case is a subsequent action between the same parties.

Third, Ms. Johnson's claims in this case were litigated in the 2005 Case. Ms. Johnson raised claims of racial discrimination, gender discrimination and retaliation by WMGI employees in the 2005 Case. (2005 Complaint at pp. 1-2.) Ms. Johnson raises the same claims in this case. (2007 Complaint at pp. 1-2.) As indicated above, her claims were litigated and adjudicated by Magistrate Judge King.

Fourth, there is an identity to the causes of action. Causes of action are "the facts creating the right of action and of the evidence necessary to sustain each action." Westwood Chemical Co.

4

v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981); and see Sanders Confectionery Products, Inc. v. Heller Fin., Inc., 973 F.2d 474, 484 (6th Cir. 1992), cert denied, 506 U.S. 1079 (1993) (quoting Westwood). If a court finds the same causes of action have been pleaded in both cases, that acts as "an absolute bar to the subsequent action between the same parties, not only in respect to every matter which is actually offered, *but also as to every ground of recovery which might have been presented*." White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir. 1986) (citing Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069 (1927)) (emphasis added).

In Rivers v. Barberton Bd. of Educ., 143 F.3d 1029 (6th Cir. 1998), the Sixth Circuit Court of Appeals upheld a district court's dismissal of a plaintiff's claim as being barred under claim preclusion. The plaintiff had previously brought a Title VII race discrimination complaint against her employer, but the district court dismissed the claim. When the plaintiff tried to file a subsequent complaint based on the same allegations, the district court barred her complaint on claim preclusion grounds.

The Ninth Circuit came to a similar conclusion in a Title VII/claim preclusion case. In Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir. 1998), the court upheld the district court's determination that the plaintiff's case was barred by claim preclusion because the plaintiff included "precisely the same [prior] incidents" he used in his previously-adjudicated case to support his new claims.

The facts before the Court are almost identical to those considered in the Rivers case. Ms. Johnson filed this complaint and her 2005 Complaint in the same federal district court. Both complaints contain essentially the same facts, allegations and transactions; for example, both complaints state Ms. Johnson submitted a letter to Scott Wensyel, WMGI's vice president of

5

operations, in which Ms. Johnson alleged disparities in work hours based on gender. (2007 Compl. at pp. 2; see also 2005 Compl. at pp. 2.) Both complaints also state Ms. Johnson was denied work hours and fired after "complaining" about work place conditions – specifically, race and gender discrimination and "inappropriate sexual comments." id. Thus, there is an identity to the causes of action in this case and the 2005 Case.

### III.

The Court has reviewed Ms. Johnson's complaint under 28 U.S.C. §1915, which requires such review in cases where the plaintiff asks to proceed *in forma pauperis*. For the foregoing reasons, the Court concludes Ms. Johnson's complaint against WMGI is barred by claim preclusion, regardless of which theory of recovery she uses. Therefore, Ms. Johnson's complaint fails to state a claim upon which relief can be granted, and the Court recommends that this case be dismissed. It is further recommended that, should the suit be dismissed on these grounds, a copy of the complaint, this Report and Recommendation and the dismissal order be mailed to the defendant.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with

instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge