# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Cyndi Johnson, :

    Plaintiff, :

v. : Case No. 2:07-cv-1259

Wendy's Management Group Inc., : Judge Michael H. Watson

    Defendant. :

## ORDER

This matter is before the Court on the objection filed by the plaintiff, Cyndi Johnson, to the Magistrate Judge's Report and Recommendation. Pursuant to an initial screening under 28 U.S.C. §1915, the Magistrate Judge recommended that the claims against defendant Wendy's Management Group Incorporated ("WMGI") be dismissed.

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(2)(B). For the following reasons, the objection will be overruled and this case will be dismissed.

Ms. Johnson filed a complaint against WMGI on December 31, 2007, alleging that WMGI employees discriminated against her on the basis of race and gender while she worked at a Wendy's location owned by WMGI. After Ms. Johnson notified WMGI of the alleged discrimination, WMGI allegedly retaliated against her by terminating her employment.

Because Ms. Johnson also filed a request to proceed in forma pauperis, the Court conducted an initial screening pursuant to 28 U.S.C. §1915. During the screening process, the Court found Ms. Johnson filed a complaint against WMGI in 2005 alleging the same discrimination and retaliation claims. See Johnson v. Wendy's Restaurant, Case No. 2:05-cv-

1060 (S.D. Ohio 2005). That case was dismissed after Ms. Johnson failed to attend depositions and an evidentiary hearing, and also refused to produce certain documents during discovery. The Magistrate Judge concluded that claim preclusion barred Ms. Johnson's 2007 complaint. Ms. Johnson filed a timely objection to the Report and Recommendation, asserting the dismissal of her 2005 case did not bar her 2007 complaint on claim preclusion grounds.

The legal foundation for Ms. Johnson's objection rests primarily on Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001). Ms. Johnson interprets Semtek's holding as a *per se* bar against using the 2005 case's dismissal without prejudice in the Court's claim preclusion analysis of the 2007 case. In Semtek, however, the U.S. Supreme Court only held that "the effect of the 'adjudication upon the merits' default provision of Rule 41(b) . . . is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim in the [same court]." Id. at 506; see also Charles Alan Wright & Arthur R. Miller, 9 Federal Practice and Procedure § 2373 (last revised 2008) ("[The Semtek court] held that a Rule 41(b) dismissal on the merits for one of the grounds stated in that provision only necessarily bars a plaintiff from refiling his claim in the same federal court, not in other courts"). Thus, a Rule 41(b) dismissal only bars re-filing of the same claim in the same federal district court. Here, Ms. Johnson requests permission to re-file the same claim against the same defendant in the same federal court, which Rule 41(b) and claim preclusion clearly disallow.

Additionally, the Semtek court acknowledged that an adjudication on the merits can happen even if a judgment does not pass on the substantive merits of a claim, as would normally be required to have claim preclusive effect. 531 U.S. at 502. The Sixth Circuit has also recognized such cases. For example, in Hubbard v. B & O Railroad Co., 249 F.2d 886 (6th Cir. 1957), the plaintiff's original action was dismissed for failure to attend the taking of his disposition. The Sixth Circuit Court of Appeals affirmed the trial court's determination that a later action by the plaintiff on the same grounds was barred by res judicata, even though the original dismissal was not "on the merits." Id.

Here, Ms. Johnson's 2005 case was dismissed for failure to participate in the discovery process; more specifically, Ms. Johnson refused repeated requests by WMGI and the Court to produce documents related to the 2005 case. Additionally, after the Court granted WMGI's

motion to dismiss the 2005 case, Ms. Johnson submitted two memoranda in opposition. See "Plaintiff's Memorandum Contra to Defendant's Motion for Summary Judgment" ("Memo Contra"); and see "Plaintiff's Amended Motion for Reconsideration" ("Motion for Reconsideration"). In the Memo Contra, Ms. Johnson set out the substance of her case against WMGI under headings such as "Plaintiff Engaged in Protected Activity Under Title VII," "Plaintiff Engaged in Protected Activity and This Was Known by Defendant" and "There Is A Direct Causal Relationship Between The Protected Activity and Plaintiff's Termination." Id. at pp. 2. Likewise, in the Motion for Reconsideration, Ms. Johnson asserted multiple arguments against the Court's granting of WMGI's motion to dismiss; those arguments included Ms. Johnson's factual analysis of the merits of her claims and the case to date. Id. When the District Court declined to reconsider the order to dismiss Ms. Johnson's 2005 case, Ms. Johnson appealed this decision to the Sixth Circuit Court of Appeals. The appellate court reviewed the 2005 case's merits – including Ms. Johnson's allegations in the 2005 complaint, the Memo Contra and Motion for Reconsideration – and upheld the district court's entry of judgment for WMGI.

Because the dismissal of the 2005 complaint falls squarely within the confines of Rule 41(b) as defined in Semtek, such dismissal was an adjudication on the merits that precludes the re-filing of Ms. Johnson's claims in this Court. Contrary to Ms. Johnson's assertions, the preclusive effect of Rule 41(b), as recognized by the limited holding of Semtek, does not violate the Rules Enabling Act by abridging any of her constitutional or substantive rights. Consequently, Ms. Johnson's objection to the Magistrate Judge's Report and Recommendation is not well-taken.

Based on the foregoing reasons, the Court overrules Ms. Johnson's objection and adopts the Report and Recommendation in its entirety. Accordingly, Ms. Johnson's 2007 complaint is DISMISSED for failing to state a claim upon which relief may be granted. The Clerk shall mail a copy of the complaint, the Report and Recommendation, and this order to the defendant.

*/s/ Michael H. Watson*
Michael H. Watson, Judge
United States District Court